HeNBErsoN, Judge,
 

 delivered the opinion of the Court:
 

 In this case, which is brought by a common informer on the statute of usury, application was made at a term
 
 *238
 
 subsequent to the making up of the pleadings, to reply to the statute of limitations, that he the informer heretofore brought a suit for the same cause of action against the j)epen(jaH^ tiiat that suit went off otherwise than on its merits, and that the present suit was brought within a year and a day of its determination.
 

 It is a rule of our Courts, founded on common sense, to admit of no amendment which would be unavailing. For wherefore should a thing be done when it can profit nothing ? The statute pleaded in this case, contains no saving such as the Plaintiff wishes to reply, nor, in fact, a saving of any description $ nor is it in
 
 pari maleria
 
 with the act of 1715
 
 ;
 
 for nothing is there said of limiting penal actions. But if there were any doubt in applying the savings under the act of 1715, to subsequent statutes of limitations, limiting the time of bringing actions not ennme--rated in the act of 1715, the
 
 nature of this action
 
 forbids it. This was no particular man’s cause of action until brought. It became the informer’s by the suit; and he lost it by the dismission. It then became common, and liable to be brought by ány person. If brought by a Itranger, it was a new suit: so if brought by the same person. It was not a continuance of his old suit; for it was no longer his than it depended. Suppose after the dismission of the first suit, some third person had commenced one before the commencement of
 
 the
 
 present
 
 action;
 
 must his suit be discharged, because the present Plaintiff afterwards brought his ? Or, must his suit be suspended until the year and the day expire, to see whether the old informer intend to commence again ? These are all strong reasons why there should be no saving in the words of the statute, and they are still stronger why they should not be inserted by judicial construction. Let the motion to amend be. disallowed.-